# EXHIBIT A

# First Amended Complaint

Electronically Filed
5/2/2022 5:27 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
STEVEN H. BURKE, ESQ.
Nevada Bar No. 14037
LAW OFFICE OF STEVEN H. BURKE, LLC
D.B.A. THE 808 FIRM
9205 W. Russell Road, Suite 240
Las Vegas, Nevada 89148
T: 702-793-4369 | F: 702-793-4301
Email: stevenburkelaw@gmail.com

*Attorney for Plaintiff*

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BRITTANY NEILSON, an individual | Case No.  A-22-849477-C |
| Plaintiff, | Dept. No. 29 |
| vs. | |
| CTRENDS INC..; DOES I through X; and ROE Corporations XI through XX, inclusive, | **PLAINTIFF'S FIRST AMENDED COMPLAINT WITH JURY DEMAND** |
| Defendant. | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Brittany Neilson ("Plaintiff" or "Ms. Neilson"), by and through her attorney, Steven H. Burke, Esq. of Law Office of Steven H. Burke, and hereby files her First Amended Complaint and complains of Defendant CTRENDS INC. ("Defendant" or "CTrends") as follows:

### VENUE AND JURISDICTION

1.      This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2.      Jurisdiction and venue are based upon federal and state law.

3.      Jurisdiction and venue are also proper based upon Plaintiff's claims under Nevada state and common law.

4.      Plaintiff hereby designates Clark County as the venue for this proceeding per NRS § 13.040 and files in the Eighth Judicial District Court accordingly.

5.      The alleged unlawful employment actions occurred in this judicial district.

## PARTIES

6.      At all times relevant, Plaintiff is and was an individual residing in Clark County, Nevada.

7.      At all times relevant, Defendant is and was a California Company created under the laws of the State of California.

8.      At all times relevant, Defendant was conducting business in Clark County, Nevada.

9.      At all times relevant, Defendant had custody and/or control over Plaintiff and her employment, and Defendant was responsible for Plaintiff's labor and employment matters.

10.     At all times relevant, Plaintiff was an employee of Defendant as that term is defined in NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

11.     At all times relevant, Defendant was Plaintiff's employer as that term is defined in NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

12.     The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does I-X and Roe Corporations XI-XX, inclusive, who are in some manner responsible for the injuries described herein, and who were, upon information and belief, Plaintiff's "employer" is unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Amended Complaint to show their true names and capacities when ascertained.

13.     Plaintiff hereby demands a jury trial on all issues triable by jury herein.

## PROCEDUARL REQUIREMENTS

14.     Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 1, 2021. *See* a true and correct copy of Plaintiff's Charge of Discrimination attached hereto as **Exhibit 1.**

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

15.     On or about December 9, 2021, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right to sue. *See* a true and correct copy of Plaintiff's Right to Sue attached hereto as **Exhibit 2**.

## FACTUAL ALLEGATIONS

16.     On or about April 23, 2020, Ms. Neilson was hired by Defendant to work as an Account Manager.

17.     On or about April 23, 2020, Ms. Neilson emailed Defendant that she was residing in Las Vegas, Nevada and would be working for Defendant remotely from Las Vegas, Nevada.

18.     On or about April 23, 2020, Defendant emailed back Ms. Neilson and accepted the fact that she was residing in Las Vegas, Nevada and agreed to allow her to work remotely from Las Vegas, Nevada.

19.     Following the April 23, 2020 emails, Defendant began the onboarding process; and on or about April 27, 2020, Ms. Neilson began her employment with Defendant as an Account Manager.

20.     At all times relevant, Ms. Neilson was an exemplary employee while employed by Defendant.

21.     Upon being hired, Ms. Neilson was told she would be provided a laptop, a phone, and all other necessities needed to do my job.

22.     After being hired, Ms. Nielson was not provided a laptop or phone, and Defendant told her she would be provided with a laptop and phone only after producing adequate sales.

23.     On or about May 3, 2020, Ms. Neilson emailed Defendant's Vice President, Ms. Anna Ahmed ("Vice President") and her manager, Dave West ("Manager"), indicating that she was admitted to the hospital for gallbladder stones and a cyst on her ovary, which was concerning because she was 12-weeks pregnant and classified as high risk.

24.     On or about May 5, 2020, Ms. Neilson provided an update to Defendant indicating she was still in the hospital.

25.     On or about May 10, 2020, Ms. Neilson provided an update to Defendant indicating she was discharged from the hospital, but she was advised by her doctor to be on bed

rest until her follow-up appointment the next week.

26.    On or about May 16, 2020, Ms. Neilson provided an update to Defendant indicating her doctor cleared her to return to work on May 25, 2020.

27.    On or about May 24, 2020, Ms. Neilson contacted Defendant to request details including getting set-up with accounts in returning to work.

28.    On or about June 2, 2020, Ms. Neilson drove to Defendant's office in California for training for a period of three days, at her own cost.

29.    On or about June 10, 2020, Ms. Neilson requested to take off work for two hours in the morning to take her 3-year-old child to her first day of preschool.

30.    On or about June 24, 2020, Ms. Neilson received a telephone call from Manager, who began the call inquiring about Ms. Neilson's child's first day of preschool. Then, Manager told Ms. Neilson that things are getting in the way of her job and the company did not have time or money to waste on a sick pregnant person who wasn't able to do her job.

31.    During this call on June 24, 2020, Manager told Ms. Neilson that he was doing her a favor by terminating her because she could now focus on herself, her health, and her baby.

32.    Ms. Neilson understood Manager's acts as stereotypical and discriminatory on the basis of her sex.

33.    Defendant's termination of Ms. Neilson occurred a short time after she returned to work after her pregnancy.

34.    Defendant's proffered reason of terminating Ms. Neilson was poor performance issues.

35.    Defendant's proffered reason for termination was pretextual.

**FIRST CAUSE OF ACTION**
**SEX DISCRIMINATION/HARASSMENT**
**TITLE VII 42 U.S.C. § 2000(e) *et seq*. / NRS § 613.330**

36.    Ms. Neilson hereby realleges and incorporates each and every allegation previously made herein.

37.    As set forth fully herein, Ms. Neilson was subjected to unwelcome sexual

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

harassment and/or discrimination based on her sex/pregnancy.

38.     As set forth fully herein, Ms. Neilson is a member of a protected class, female.

39.     As alleged in the facts herein, Defendant discriminated, harassed, and terminated Ms. Neilson on the basis of her sex/pregnancy.

40.     Defendant committed unlawful actions, including but not limited to, harassment of Ms. Neilson as a female and based on her being pregnant. Such actions constitute unlawful sex discrimination and harassment.

41.     Defendant's unlawful conduct that Ms. Neilson was forced to endure was so severe and pervasive that it was humiliating and interfered with Ms. Neilson's ability to work.

42.     Defendant's sexual conduct was sufficiently severe or pervasive as to alter the compensation, terms, conditions and privileges of Ms. Neilson's employment.

43.     Defendant, through its agents, became aware of sexual harassment and/or discrimination that Ms. Neilson experienced and took no action to stop it.

44.     Given the aforementioned, Defendant's conduct was so severe and pervasive as to constitute an objective abusive hostile work environment in violation of Title VII, 42 U.S.C. §2000(e) *et seq*. Defendant, in creating, condoning, and perpetuating a sexually hostile work environment, has engaged in a discriminatory practice with discriminatory hostility upon Ms. Neilson's status as a female, with malice or reckless indifference to Ms. Neilson's federally protected rights.

45.     All of Defendant's unlawful actions described herein were done willfully and intentionally and in reckless disregard of Ms. Neilson's protected rights under federal law.

46.     As a direct and proximate result of Defendant's unlawful activity, Ms. Neilson has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

47.     The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Ms. Neilson and, thus, Ms. Neilson is entitled to punitive damages.

48.     As a result of Defendant's conduct, as set forth herein, Ms. Neilson has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence

thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

49.     Ms. Neilson hereby realleges and incorporates each and every allegation previously made herein.

50.     Defendant breached its duty of reasonable care to protect Ms. Neilson from the negligent and/or careless actions of their own agents, officers, employees, customers and others.

51.     Defendant breached its duty of reasonable care by hiring individuals with a propensity towards committing unlawful acts against Ms. Neilson.

52.     Defendant breached its duty of reasonable care by failing to adequately train and supervise their employees by with lawful policies and procedures of discrimination and harassment.

53.     As a direct and proximate result of Defendant's conduct described hereinabove, Ms. Neilson has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000).

54.     As a result of Defendant's conduct, as set forth herein, Ms. Neilson has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

55.     Defendant acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Ms. Neilson is entitled to an award of exemplary or punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.     For general damages in excess of $15,000.00;

2.     For special damages;

3.     For consequential damages;

4.     For punitive damages;

5.     For all damages and relief owed to Plaintiff under the Nevada Constitution and Nevada law;

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

6.      For attorneys' fees and costs incurred in this action; and

7.      Such other and further relief as the Court may deem just and proper.

DATED this 2nd day of May, 2022.

                                        LAW OFFICE OF STEVEN H. BURKE

                              By:     /s/ Steven H. Burke
                                      STEVEN H. BURKE, ESQ.
                                      Nevada Bar No.: 14037
                                      9205 W. Russell Rd., Ste. 240
                                      Las Vegas, Nevada 89148
                                      T:  702-793-4369  |  F:  702-793-4301
                                      Email: stevenburkelaw@gmail.com
                                      *Attorney for Plaintiff*

# EXHIBIT "1"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 487-2020-01527 |

| NEVADA EQUAL RIGHTS COMMISSION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MISS BRITTANY M NEILSON** | **(949) 304-4663** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **4989 GINGERLYN ST, LAS VEGAS,NV 89122** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **CTRENDS** | **101 - 200** | **877.472.9050** |

| Street Address | City, State and ZIP Code |
|---|---|
| **27142 BURBANK, LAKE FOREST, CA 92610** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **03-14-2020** | **06-24-2020** |

☒ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**On or about April 23, 2020, I was hired by CTRENDS, as a Sales Account Manager. My last position was Sales Account Manager.**

**On or about March 14, 2020, I informed CTRENDS management that I was pregnant on a conference call. On or about May 3, 2020, I underwent an emergency medical procedure. CTRENDS was made aware of my emergency medical procedure and that I won't be able to go to work until I am released. In or around May 2020, I returned to work. Subsequently, in or around June 2020, I was discharged by Dave West, President of Sales. I was subjected to an offensive remark regarding my pregnancy and caregiving responsibilities during the termination phone call.**

**I believe I have been discriminated against because of my Sex (Female, Pregnancy), and retaliated against for engaging in protected activity, in violation of, Title VII of the Civil Rights Act of 1964, as amended. Additionally, I believe I have been discriminated against**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Brittany Neilson on 03-01-2021 12:18 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **487-2020-01527** |

| **NEVADA EQUAL RIGHTS COMMISSION** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

**because of my disability, and retaliated against for engaging in protected activity, in violation of the, Americans with Disabilities Act of 1990, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Brittany Neilson on 03-01-2021 12:18 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**EXHIBIT "2"**

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Brittany M. Neilson**
    **c/o: LAW OFFICE OF STEVEN H. BURKE**
    **Attn: Steven H. Burke, Esq.**
    **9205 W. Russell Road, Suite 240**
    **Las Vegas, NV 89148**

From:  **Las Vegas Local Office**
      **333 Las Vegas Blvd South**
      **Suite 5560**
      **Las Vegas, NV 89101**

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Saul Vazquez,** | |
| **487-2020-01527** | **Investigator** | **(702) 553-4460** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Michael L. Mendoza,**
**Local Office Director**

*(Date Issued)*

cc:  **CTRENDS Inc.**
    **c/o Sterling S. Winchell**
    **3 HUTTON CENTRE DR**
    **STE 900**
    **Santa Ana, CA 92707**

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> **of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:  **Sterling S. Winchell**
**3 HUTTON CENTRE DR**
**STE 900**
**Santa Ana, CA 92707**

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),   **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.